## KATZ UNDERWEAR CO. v. CORTICELLI SILK CO.

Court of Appeals of District of Columbia.

Submitted Nov. 12, 1928. Decided Dec. 3, 1928.

No. 2076.

Jas. T. Newton, of Washington, D. C., for appellant.

Titian W. Johnson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents denying registration of a trade-mark to the applicant, now the appellant.

On December 27, 1924, the applicant, Katz Underwear Company, filed an application for the registration of a trade-mark consisting of a representation of a cat's head on a circular background for use on textile underwear for ladies, alleging continuous use of the mark on such goods in applicant's business since October 1, 1924. The application was opposed by the Corticelli Silk Company upon a claim of prior use by it in its business of a similar mark used with the word "Corticelli" upon goods of the same descriptive properties, and that confusion in trade would result from the registration of the mark of applicant. Testimony was taken by both parties. The application was allowed by the examiner of interferences, but his decision was reversed and the opposition sustained by the Commissioner of Patents, from whose decision this appeal was taken.

The testimony discloses that in the year 1898, the applicant began the manufacture of woven underwear for ladies as distinguished from knitted goods; that up to the year 1913 the applicant used a representation of three cats as the trade-mark upon its goods; that since 1913 applicant has used a single cat's head as a trade-mark for ladies' woven underwear; that it has built up a large business and its good will is very valuable.

It appears that as early as the year 1900 the opposer adopted and used a representation of a single cat's head, together with the word "Corticelli," as its trade-mark for use upon various articles, including knitted underwear for ladies, also hosiery and dress silks. Opposer has continued the manufacture of dress silks from about 1904 up to the present time, and has continued the manufacture of hosiery from 1902 with some intermission up to the present time. Opposer began the manufacture of underwear about 1902 and discontinued it in 1915, not having resumed it from that time up to the filing of the opposition. The opposer has advertised its goods together with the mark in question at great expense, and its good will possesses great commercial value.

We shall not undertake to discuss the evidence in detail, but will simply state that in our opinion the opposer was the prior user of the mark in controversy, notwithstanding the use by applicant of the representation of three cats; that the competing marks are deceptively similar in character, notwithstanding the use of the name "Corticelli" by opposer as part of its mark; that the goods of the respective parties are of the same descriptive properties, notwithstanding the fact that the goods manufactured by one party are woven and the other knitted; that the opposer did not abandon its trade-mark for hosiery by reason of the intermission during which its manufacture was suspended, since there was no actual or imputed purpose on opposer's part to abandon the same, and its manufacture was resumed prior to the filing of the present application; and that it is likely that the similarity in the marks will cause confusion in trade and the misleading of purchasers, notwithstanding the fact that the record contains no proof of the actual deception of individual purchasers.

We therefore affirm the decision of the Commissioner of Patents.